In re the MARRIAGE OF Mary Beth GILLIAM and Jeffrey Scott Carithers.

Upon the Petition of Mary Beth Gilliam, Petitioner–Appellee/Cross–Appellant,

And Concerning Jeffrey Scott Carithers, Respondent–Appellant/Cross–Appellee.

No. 93–1329.

Court of Appeals of Iowa.

Oct. 25, 1994.

Mark McCormick and Margaret Callahan of Belin, Harris, Lamson and McCormick, P.C., Des Moines, for appellant.

Michael E. Marshall and Roger J. Hudson of Smith, Schneider, Stiles, Wimer, Hudson, Serangeli, Robinson, Mellaney, Shindler & Scalise, P.C., Des Moines, for appellee.

Heard by SACKETT, P.J., and HABHAB and CADY, JJ.

HABHAB, Judge.

Jeffrey and Mary Carithers' marriage was dissolved in 1990. The dissolution decree incorporated the parties' stipulation to, among other things, joint legal and physical care of the parties' daughter, Bryce, born February 17, 1986 (Bryce spends about equal time in each household). Jeffrey was ordered to pay $400 per month in child support.

At the time of the decree, Jeffrey had a gross income of $107,400 from his job as a facial plastic surgeon, and Mary had a gross income of $17,975 as a registered nurse. By the end of 1992, Jeffrey's gross income increased to $332,400 [1] and Mary's income was approximately $30,000.[2] Mary filed a petition for modification requesting an increase in child support.

Following a hearing, the district court calculated Jeffrey's child support obligation to be $1640 per month and Mary's child support obligation to be $421 per month. The court then deducted the amount of Mary's obligation from the amount of Jeffrey's obligation and ordered Jeffrey to pay approximately $1220 in child support per month. As this new amount deviated by more than ten percent from the old amount, the court found

---

1. Jeffrey's gross income was $280,400 in 1990 and $241,400 in 1991.

2. Mary's gross income was $32,558 in 1990 and $31,276 in 1991.

a substantial change of circumstances pursuant to Iowa Code section 598.21(9) (1991). The court also stated there was a substantial increase in Jeffrey's income justifying modification under section 598.21(8).

Jeffrey appeals. He contends the ten percent deviation rule of subsection (9) does not apply to child support awards in which the payor's income exceeds $3000 per month. He asserts application of subsection (9) to these situations renders the subsection meaningless and the court would always be able to find a substantial change in circumstances regardless of any change in a parent's net monthly income.

Jeffrey also argues there has been no substantial change under subsection (8) because Mary failed to prove his wage increase was permanent or continuous and not in the contemplation of the dissolution court. Finally, Jeffrey claims the increased child support award is excessive for various reasons, such as his voluntary contributions to Bryce's care. He claims the district court improperly applied Iowa law in determining his child support obligation.

Mary cross-appeals. She contends the district court should have awarded her $2000 per month in child support. She requests assistance with payment for her appellate attorney fees.

■ Review is de novo since a petition for modification of child support is at equity. *In re Marriage of Powell,* 474 N.W.2d 531, 532 (Iowa 1991); Iowa R.App.P. 4.

■ The district court modified the child support provision of the dissolution decree under Iowa Code section 598.21(8) (1991) (substantial change in circumstances) and section 598.21(9) ("ten percent rule"). We find a basis for modification under section 598.21(8), and therefore find no need to address the arguments regarding section 598.21(9).

Under Iowa Code section 598.21(8), the district court may modify child support provisions in a dissolution decree when there is a substantial change in circumstances. To determine whether there is a substantial change, section 598.21(8) lists a number of factors to consider. One of those factors to consider is any change in earning capacity, income, or resources. Iowa Code § 598.21(8)(a).

Jeffrey's income has grown substantially since the marriage was dissolved. He earned a gross income of $107,400 in 1989 (the last year prior to dissolution), $280,000 in 1990, $241,400 in 1991, and $332,400 in 1992. Although his income fluctuates from year to year, the income levels in 1990, 1991, and 1992 are all substantially more than the $107,400 he grossed in 1989 prior to the dissolution.

We find Jeffrey has sustained a substantially higher level of income since the dissolution. In addition, we find there has been a substantial change in Jeffrey's income, which warrants a modification in Jeffrey's child support payments under section 598.21(8).

■ Jeffrey argues the modification made by the district court is excessive. In making its determination, the district court found Jeffrey's net monthly income to be $16,640. The court then took ten percent of that amount to arrive at Jeffrey's monthly child support obligation if he were the noncustodial parent.[3] The district court determined Mary would be required to pay Jeffrey $421 a month according to the guidelines if she were the noncustodial parent. The district court then subtracted Mary's obligation from Jeffrey's obligation and found Jeffrey should pay $1220 a month for child support.

The district court was correct in attempting to use a set-off method to determine Jeffrey's monthly payments. *In re Marriage of Will,* 489 N.W.2d 394, 400 (Iowa 1992). The district court, however, missed a step in the analysis. The district court subtracted the amount Mary should pay from the amount Jeffrey should pay for a payment equaling $1220 a month. The district court should have further divided this amount in half to reflect the split physical care arrange-

---

**3.** Jeffrey's income is high enough that he falls under the discretionary portion of the child support guidelines. The district court found ten percent of Jeffrey's net monthly income to be equitable for these purposes.

ment. Thus, based on the district court's computations, Jeffrey's monthly payments should have been $610.[4] This would be the correct method to compute child support in situations involving facts similar to this case.

In our de novo consideration of the amount of child support, we believe the percentage of net income used by the district court in fixing Jeffrey's monthly support obligation as a noncustodial parent was inadequate. The exercise of discretion under the child support guidelines allows us to consider the statutory child support factors. *In re Marriage of Gehl*, 486 N.W.2d 284 (Iowa 1982). In doing so, we believe a percentage figuring of 17.08% of Jeffrey's monthly income is more just and equitable. Using the formula set forth below, Jeffrey's monthly support payments are fixed at $1210. ($16,640 × .1708 = $2842 − $421 = $2421 ÷ 2 = $1210.50 or [$2842 × ½] − [$421 × 1/2] = $1210.50). We modify the decree accordingly.

Mary also requests attorney fees for this appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Hunt*, 476 N.W.2d 99 (Iowa App.1991). We determine each party should pay his or her own attorney fees for this appeal.

We have modified the district court's decree as to child support. With this disposition, we deny the relief requested in the cross-appeal.

**AFFIRMED AS MODIFIED.**

---

4.  $1640 − $421 = $1219 × ½ = $609.50.