In re the MARRIAGE OF Paul
A. SPRAGUE and Terri L.
Sprague.

Upon the Petition of

Paul A. Sprague, Petitioner–Appellee,

And Concerning

Terri L. Sprague, Respondent–Appellant.

No. 95–0842.

Court of Appeals of Iowa.

Feb. 2, 1996.

**326**

Esther J. Dean, Muscatine, for appellant.

James R. McCoy, Iowa City, for appellee.

Heard by HAYDEN, P.J., and HABHAB and HUITINK, JJ.

HABHAB, Judge.

Paul and Terri Sprague were married on June 16, 1990. They have one child, Ashley Marie, born December 24, 1990. The Spragues purchased a home in Wilton in 1993. At the time of the dissolution hearing, Paul worked the day shift as a service person for Sprouse Distributing, while Terri was a supervisor at Von Maur in Bettendorf.

The parties separated on May 11, 1994. Terri moved out of the marital home and left Ashley in Paul's care. Paul filed a petition for dissolution of marriage on or about June 29, 1994. Paul also filed an application for temporary custody and support at about the same time. On September 1, 1994, the district court granted the parties joint legal custody of Ashley but gave temporary physical care of Ashley to Paul. The court further ordered Terri to pay $238.35 per month in temporary child support.

In October 1994, Terri was involved in a car accident when she was hit by a drunk driver. She was seriously injured in the accident and was consequently off work for three months. During the time she was off work, she had no income and became delinquent in her child support payments as a result.[1]

By mutual agreement of the parties, the district court appointed Helen Kudos to conduct a custody home study and evaluation. Kudos recommended primary care of Ashley remain with Paul. She affirmed her recommendation in a subsequent report.

---

1. Terri testified an insurance settlement was expected soon. She stated she intended to pay back all delinquent child support once the settlement has been paid by the insurance company.

Following a hearing, the district court entered its findings, conclusions and decree. The main dispute at trial focused on Ashley's custody. The court found both parents loved Ashley and could provide adequate care for her. The district court concluded, however, Paul was more mature and could better handle the parental responsibilities. The district court noted Ashley had done well in Paul's care since the separation. The court also believed Terri had placed her interests ahead of Ashley's and found her relationship with her current male friend questionable. The district court therefore awarded the parties joint legal custody but ruled primary physical care should remain with Paul. Terri was also ordered to pay child support of $238.50 per month.

Terri appeals.

■ I. *Scope of Review.* In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App. P. 14(f)(7).

■ II. *Primary Physical Care.* Terri contends the district court erred in placing primary physical care of Ashley with Paul. In child custody cases, the best interests of the child is the first and governing consideration. The factors the court considers in awarding custody are found in our statutes, as well as in prior cases. *See* Iowa Code § 598.41(3) (1993); *In re Marriage of Weidner,* 338 N.W.2d 351, 355–56 (Iowa 1983). These factors bear on what will be in the long-term best interests of the child. *In re Marriage of Vrban,* 359 N.W.2d 420, 424 (Iowa 1984). The critical issue in determining the best interests of the child is which parent will do better in raising the child; gender is irrelevant, and neither parent should have a greater burden than the other in attempting to gain custody in a dissolution

proceeding. *In re Marriage of Ullerich,* 367 N.W.2d 297, 299 (Iowa App.1985).

■ There are a number of factors which support giving primary physical care of Ashley to Paul. In the evaluation by Helen Kudos, the child custody evaluator, Kudos recommended primary physical care be given to Paul. While Terri now contends the recommendation by Kudos to give Paul primary physical care of Ashley was biased, it should be noted both parties mutually agreed to a custody evaluation.[2] In conducting her evaluation, Kudos met with Paul and Terri jointly with Ashley, and then conducted separate meetings with Paul and Terri. Kudos found both parents would make suitable caretakers and both parents have actively cared for Ashley in the past. Yet, Kudos still found Paul should be given primary physical care. Some of Kudos' findings in her evaluation provide a guide for the remainder of our analysis.

When Terri moved out of the house, she left Ashley in Paul's care. Terri chose to leave Ashley with Paul because she felt it was best not to uproot Ashley and better to leave her in her natural surroundings. In contrast to Terri's claim she put Ashley's best interests ahead of hers, evidence was provided Terri frequently put her interests and desires ahead of Ashley's. Testimony was provided that Terri, on occasion, would go out with friends and would stay out overnight. While Paul was aware of these extended absences ahead of time, Terri failed to talk to Ashley and explain to her she would be gone. This duty was left up to Paul. We believe this behavior is what the district court had in mind when it stated, "Terri has placed her own emotional interests ahead of Ashley, at least from January, 1994, to now."

As we view the record, this case is a close call regarding primary physical care. Both parents appear to be willing, able, and capable parents. We give weight to the district court's fact findings, as it is the district court who has the parties before it and is in the best position to make determinations of credibility. We agree with the district court's

---

**2.** Terri's claim of bias on the part of Kudos should be balanced with Kudos' acknowledgment she has a natural tendency to be biased toward mothers in custody recommendations.

assessment Paul can provide a more stable environment for Ashley at this time.[3] Terri is placing her interests ahead of Ashley's and Terri does not appear to mix Ashley into her personal relationships in an appropriate manner. Ashley, meanwhile, has done well in Paul's primary care since the separation. We conclude the district court was correct in placing the primary physical care of Ashley with Paul.

III. *Attorney Fees.* Both parties make a request for attorney fees for this appeal. An award of attorney fees is not a matter of right, but rests within this court's discretion and the parties' financial positions. *In re Marriage of Gilliam,* 525 N.W.2d 436, 439 (Iowa App.1994). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obliged to defend the trial court's decision on appeal. *In re Marriage of Miller,* 524 N.W.2d 442, 445 (Iowa App.1994). We determine each party should pay his or her own attorney fees for this appeal.

**AFFIRMED.**

---

3. In making this finding, we note Paul has cooperated in fostering a relationship between Ashley and Ashley's maternal grandmother. In finding Paul can provide a more stable environment for Ashley, we consider many factors. Paul's cooperation in fostering this relationship is merely one factor in this determination.