**In re the MARRIAGE OF James Allen FOX and Barbara Ann Fox, Appellant,**

**Upon the Petition of James Allen Fox, Appellant,**

**And Concerning Barbara Ann Fox n/k/a Barbara Ann Schira, Appellee.**

No. 95–1143.

Supreme Court of Iowa.

Feb. 19, 1997.

Robert H. Laden and Gregory D. Brandt of Hyland, Laden & Pearson, P.C., Des Moines, for appellant.

Steven H. Lytle of Nyemaster, Goode, McLaughlin, Voigts, West, Hansell & O'Brien, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

NEUMAN, Justice.

We granted further review to consider a challenge to a child support award that deviates substantially from our guidelines. In the decision under review, the court of appeals computed the guideline amounts owed by each party, offset them, and then reduced the father's obligation further to reflect what it perceived to be a shared custodial arrangement. Because our de novo review reveals neither factual nor legal support for the formula used by the court of appeals, we vacate its decision and affirm the judgment of the district court.

Upon the dissolution of their marriage in 1992, James Fox and Barbara Schira (formerly Barbara Fox) agreed to what they called "shared physical care" of their only child, Elizabeth, born September 13, 1987. James was—and continues to be—employed by the City of Des Moines as a firefighter. Barbara, who now works full time for the Principal Financial Group, held only part-time employment. To accommodate James' work routine, the two mediated a detailed schedule for shuttling Elizabeth back and forth between the two households. The plan contemplated that Elizabeth would spend one-third of her time with James, and the remaining time with Barbara.

While negotiating the dissolution, the parties agreed that James would pay $225 a month in temporary child support, an amount equal to the cost of Elizabeth's day care. The court incorporated that figure into its final decree but ordered mediation for the purpose of fixing child support when Barbara obtained full-time employment. Although Barbara secured a full-time position, the parties' subsequent attempt at mediation proved unsuccessful.

In May 1994, Barbara petitioned the court to modify James' child support obligation upward to an amount consistent with the child support guidelines. At trial the parties stipulated that Barbara's net monthly income totaled $1035, and James' net monthly income was $1676. They agreed that if the guidelines were applied, $375 would be the correct monthly payment.[1] James argued, however, that his one-third share of Elizabeth's physical care should be taken into account by the court when applying the guidelines. He further expressed the belief that, due to Barbara's full-time employment, any permanent support figure should be less than the existing $225 award. Barbara countered that she believed support would be set according to the child support guidelines once her income from full-time employment was settled. Moreover, she tendered proof that the shared custody originally envisioned had not materialized and she, in fact, bore more than two-thirds of Elizabeth's care both in terms of time and expense.

The district court declined to deviate from the guidelines. It was unpersuaded that the parties' shared parenting, though commendable, gave James more than what amounted to liberal visitation. Applying the child support guidelines for one child, the court arrived at a monthly child support obligation of $375. The court expressly noted that no facts in the record suggested that use of the guidelines "would be unjust or inappropriate." *See* Iowa Code § 598.21(4)(a) (1995).

---

1. Although the guideline amount is actually $373, the parties—and ultimately the court— rounded it up to $375.

James appealed, and we transferred the case to the court of appeals. At James' urging, the court chose to apply a formula it developed in *In re Marriage of Gilliam*, 525 N.W.2d 436 (Iowa App.1994). Beginning its calculation by looking to the guidelines, the court computed what each party, as noncustodial parent, would owe the other. Under these scenarios, James would owe Barbara $373 per month; Barbara would owe James $229 per month. Offsetting the larger amount against the smaller, James would owe Barbara $144. The court then prorated that amount to reflect James' claimed one-third responsibility for Elizabeth's physical care. The formula resulted in a $96 child support award, and the court of appeals modified the decree accordingly.

Barbara sought further review, and we granted her petition. She asks us to affirm the district court's unaltered application of the guidelines, under which James owes $375 in monthly child support. In the alternative, she seeks clarification (or appropriate application) of the formula adopted in *Gilliam*. She also asks for an award of appellate attorney fees and costs.

■ Because child custody and support are matters triable in equity, our review is de novo. *In re Marriage of Bolick*, 539 N.W.2d 357, 359 (Iowa 1995). We give weight to the trial court's fact findings, particularly when considering the credibility of witnesses, but we are not bound by them. Iowa R.App. P. 14(f)(7); *In re Marriage of Hornung*, 480 N.W.2d 91, 93 (Iowa App.1991).

I. At the outset we question the soundness of *Gilliam*. The case involved a determination of an appropriate support award when the parties' only child spent "about equal time" in each parent's household. *Gilliam*, 525 N.W.2d at 437. The district court had considered what each party, as a noncustodial parent, would have paid to the other and then offset those amounts to arrive at the father's monthly child support award. *Id.* at 438. The father appealed. Citing this court's decision in *In re Marriage of Will*, 489 N.W.2d 394, 400 (Iowa 1992), the court of appeals modified the district court's award by dividing it in half "to reflect the split physical care arrangement." *Id.*

Evidently the court in *Gilliam* misunderstood the premise of our *Will* decision. *Will* involved a case of *split* physical care—two of the parties' children resided with one parent, and one child resided with the other. *Will*, 489 N.W.2d at 399. We noted that only in rare cases is the separation of siblings appropriate. *Id.* at 397. Nevertheless, where compelling reasons demand it, the circumstance effectively creates *two* custodial parents. Thus in *Will* we deemed it preferable to offset one parent's financial obligation to the other, rather than insisting on a monthly exchange of child support payments. *Id.* at 400. No deviation from the guidelines was otherwise warranted. *Id.*

Neither the situation in *Gilliam*, nor the controversy before us, is analogous to *Will*. The support calculations in *Will*, based on the number of children residing in each custodial parent's home, remained faithful to the guidelines. *See State ex rel. Reaves v. Kappmeyer*, 514 N.W.2d 101, 104 (Iowa 1994); *Gilley v. McCarthy*, 469 N.W.2d 666, 668 (Iowa 1991). By contrast, the formula fashioned in *Gilliam*—which apparently attempts to account for the child living half the time with half his parents—departs from the guidelines by creating what amounts to "half a custodial parent" and "half a child." King Solomon rejected a similar notion 3000 years ago.

■ An argument might be made that, where one child spends equal time in two households, each parent should be deemed the noncustodial parent on the one-child guidelines chart for purposes of calculating the support each would owe the other. An offset, then, would be consistent with the simplified payment method approved in *Will*. To the extent *Gilliam* further reduces by half the sum owed by the parent whose obligation is larger, however, we disavow it. Our cases have consistently conformed to the statutory presumption favoring the guidelines unless their application would lead to injustice or hardship. *Reaves*, 514 N.W.2d at 104; Iowa Code § 598.21(4)(a).

■ *Gilliam* and the case before us pose facts involving *shared* (or divided) physical care, not split custody. *See Will*, 489 N.W.2d

at 397 (distinguishing split custody from "divided physical care in which physical care is granted to one parent for a period of time and to the other parent for a period of time"). Because some form of shared physical care is the norm, our guidelines incorporate the reasonable living expenses of the noncustodial parent and need no further adjustment. *See In re Marriage of Fite*, 485 N.W.2d 662, 664–65 (Iowa 1992). In the absence of special circumstances justifying a departure, the guidelines must be applied. *Id.* at 664. Only by faithful adherence to the schedule will the "inadequate, inconsistent, and ineffective" practices of the past be remedied. *In re Marriage of Powell*, 474 N.W.2d 531, 533 (Iowa 1991).

 II. The record amply supports the district court's conclusion that the time James spends parenting Elizabeth, however substantial, does not exceed that typically enjoyed in a liberal visitation situation. Nor does the record reveal unusual expenditures by James that would demonstrate hardship or unfairness warranting a departure from the guidelines. *See* Iowa Code § 598.21(4)(a). Further detail on that score would unduly lengthen this opinion without adding appreciably to our jurisprudence. We think it sufficient to say that we are convinced—as was the district court—that Elizabeth spends significantly more time in her mother's home than with her father.

We reject James' contention that his "one-third" share of parenting entitles him to a corresponding reduction in his child support obligation. It would make no difference whether the split were 60/40, 70/30, or 80/20. We think it simply unwise and counterproductive to use such artificial formulas to chip away at the uniformity and fairness sought to be achieved by the guidelines. We affirm the district court's judgment for child support payable by James in the sum of $375 per month retroactive to the day he was served with the petition for modification. *See* Iowa Code § 598.21(8).

III. Barbara seeks affirmance of the $2000 award of attorney fees granted her by the district court, and an additional award to cover her bill for appellate attorney fees. On its review, the court of appeals recognized the considerable discretion granted trial courts in such matters. *See In re Marriage of Bonnette*, 492 N.W.2d 717, 723 (Iowa App. 1992). It found no abuse of discretion in the trial court's award, nor do we, and we hereby affirm it.

Barbara has now incurred additional legal expense of $4487 defending the trial court's decision on appeal. Although James opposes any payment of fees on the theory the matter should have been mediated long ago, the fact remains that Barbara has suffered substantial delay and expense obtaining no more than what is allowed under the child support guidelines. The financial position of the parties as well as Barbara's prevailing status on appeal must be considered. *In re Marriage of Benson*, 545 N.W.2d 252, 258 (Iowa 1996). We order James to pay $2400 toward Barbara's appellate attorney fees and the cost of this action.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**