# IN THE SUPREME COURT OF IOWA

No. 39 / 06-1353

Filed April 4, 2008

**Upon the Petition of**
**DEANGELO DELONN SEAY,**

Appellant,

**And Concerning**
**ANDREA LYNETTE THOMAS,**

Appellee.

---

On review from the Iowa Court of Appeals.


Appeal from the Iowa District Court for Lee County (South), Cynthia H. Danielson, Judge.


Appellant seeks review of court order determining child support in joint physical care case. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT VACATED; CASE REMANDED.**


Curtis R. Dial, Keokuk, for appellant.


James F. Dennis, Keokuk, for appellee.

**APPEL, Justice**.

In this case, we must determine the proper method of calculating child support in a case where the district court awards joint physical care, but where the district court order provides that one party has actual physical care for more days a year than the other. We hold that under our rules, child support in all joint physical care cases should be decided using the offset method provided in Iowa Court Rule 9.14.

## I.    Factual and Procedural Background.

DeAngelo Seay and Andrea Thomas were never married, but had three children. Seay filed a petition to determine custody arrangement, child support, and liability for resulting court costs. The parties agreed that the court should award the parties joint legal custody of the children. The parties disagreed on the issues of physical care, child support, and apportionment of court costs and fees.

The district court order "awarded joint physical care" of the children to Seay and Thomas. The district court order further established a physical care schedule under which the parties alternated "physical care" on weekends and most holidays and vacations. The court provided that Seay would have "physical care" from 6:00 pm on Tuesdays and Thursdays until the beginning of school on Wednesdays and Fridays respectively. Under the schedule, the children would reside with Seay for 158 days and with Thomas for 206 days.

The district court awarded child support pursuant to the Child Support Guidelines Worksheet. Using undisputed income figures provided by the parties, the district court calculated that under the guidelines, Seay's child support obligation for the three children was $331 per month. Pursuant to Iowa Court Rule 9.9, the district court then reduced Seay's child support obligation by 25 percent as a result of

extraordinary visitation. As a result, the district court ordered that Seay pay Thomas child support of $248 per month.

Seay appealed. He argued that the district court erred in calculating his child support obligation. According to Seay, the district court erred in not applying Iowa Court Rule 9.14 in calculating child support. Iowa Court Rule 9.14 provides that "[i]n cases of court-ordered joint (equally shared) physical care, child support shall be calculated" using an offset approach. Under the offset approach of the rule, the child support that would be required of each party is calculated as if they were a noncustodial parent. Child support is determined by calculating the difference between these two amounts.

Thomas cross-appealed. She claimed that the district court should have reduced Seay's child support obligation by only 20 percent because Seay's court-ordered visitation was more than 148 days but less than 167 days per year. *See* Iowa Ct. R. 9.9. Thomas also contended that Seay's support obligation should be increased because the court awarded two children to Seay as dependents for tax purposes, and only one to Thomas. She also sought an award of appellate attorneys' fees.

We transferred the case to the court of appeals. The court of appeals affirmed the ruling of the district court. The court of appeals dismissed Thomas's cross-appeal as untimely filed and denied her request for appellate attorneys' fees. We granted Seay's petition for further review, and now vacate the court of appeals decision, vacate the district court's judgment, and remand the matter to the district court.

## II. Scope of Review.

This case involves the interpretation of court rules regarding the award of child support where joint physical care is awarded. Our review of such legal issues is for errors at law. *In re Marriage of McCurnin*, 681

N.W.2d 322, 327 (Iowa 2004) ("Because interpretation of child support guidelines is a legal question, our review of such interpretation is for errors at law.").

### III. Discussion.

In this case, there is no dispute that the district court ordered joint physical care of the parties' three children and that aspect of the district court's order is not challenged on appeal. The fighting issue in this case is whether Iowa Court Rule 9.14 applies to a case involving joint physical care where the district court establishes a schedule pursuant to which one party has physical care for a somewhat longer period than the other. The district court declined to apply the rule on the grounds that physical care in this case was not "equally shared."

States have taken a variety of approaches to the issue of whether generally applicable child support guidelines should apply in cases where the court awards joint physical care or its equivalent to both parents. Some states have decided that generally applicable child support guidelines should be applied in the first instance, subject to any adjustments that might be justified under all the facts and circumstances. Other states by judicial decision have adopted variants of the offset method in situations involving joint physical care. *See generally* Stephanie Giggetts, *Application of Child-Support Guidelines to Cases of Joint-, Split-, or Similar Shared-Custody Arrangements*, 57 A.L.R.5th 389, 389 (1998).

In Iowa, we have adopted a rule which requires application of the offset method for calculating child support in cases involving joint physical care. Iowa Ct. R. 9.14. The rule reflects the difference between joint physical care and other parental arrangements. Under Iowa Code section 598.1(4) (2007), parties awarded joint physical care have equal

responsibility to maintain homes and provide routine care for the child. No party has superior rights or responsibilities with respect to the child. In contrast, the legal rights and responsibilities of a party with only joint legal custody and visitation is more limited. *See* Iowa Code § 598.1(3). As a result, ordinarily a parent with joint physical care directly expends more for the support of a child than a party awarded joint legal custody and visitation. Application of the offset method as a starting point in determining child support recognizes these differences.

On appeal, Thomas argues that Iowa Court Rule 9.14 should not apply under the facts and circumstances presented to the district court. She draws our attention to *In re Marriage of Fox*, 559 N.W.2d 26 (Iowa 1997). In *Fox*, the parties had agreed to what they termed "shared physical care" whereby one child lived with the father one third of the time. *Fox*, 559 N.W.2d at 27. Under the circumstances presented, we ruled that the "shared parenting" arrangement gave the father nothing more than what amounted to liberal visitation and applied the child support guidelines applicable to a noncustodial parent. *Id.* at 29.

We find *Fox* inapposite. In *Fox*, we found that the arrangement of the parties amounted to "liberal visitation." In this case, the district court specifically awarded "joint physical care" to the parties. *Nolte v. Mehrens*, 648 N.W.2d 727, 730 (Minn. Ct. App. 2002) (district court description determines nature of custody arrangements). The distinction between "liberal visitation" and "joint physical care" is crucial on the issue of the proper manner in determining child support. Iowa Court Rule 9.14 applies to situations where the parties are awarded "joint physical care."

Thomas stresses that Iowa Court Rule 9.14 contains the parenthetical "equally shared" and argues that, as a result, it does not

apply to this case because physical care of the children was not equally divided on a calendar basis. Although the text of Iowa Court Rule 9.14 uses the parenthetical "equally shared," this phrase is a generalized description of the responsibilities and decision-making authority of each party. Under joint physical care, the parties are equally responsible for routine, daily decisions to be made regarding the child or children regardless of residential arrangements at the time. *See* Iowa Code § 598.1(4) (neither parent has physical care rights superior to the other); *In re Marriage of Hansen*, 733 N.W.2d 683, 691 (Iowa 2007); *In re Marriage of Hynick*, 727 N.W.2d 575, 579 (Iowa 2007). While joint physical care does require equal responsibility on routine, daily decision-making, it does not require that the residential arrangements be determined with mathematical precision. *Hynick*, 727 N.W.2d at 579 ("Joint physical care anticipates that parents will have equal, or roughly equal, residential time with the child."); *Janney v. Janney,* 943 So. 2d 396, 399–400 (La. Ct. App. 2006) (45.3 percent physical custody amounted to shared custody under child support statute).

For the above reasons, we hold that because the district court awarded joint physical care, Iowa Court Rule 9.14 is applicable. As a result, the district court erred in failing to utilize the offset method in calculating Seay's child support.

Our holding, however, does not end the matter. The amount of child support calculated pursuant to the rules is not cast in stone. Instead, under Iowa Court Rule 9.11, the amount of child support for parents awarded joint physical care pursuant to Iowa Court Rule 9.14 is a guideline that is presumptively valid but may be varied if the district court makes written findings that application of the guidelines would be unjust or inappropriate according to established criteria. *See* Iowa Code

§ 598.21(B)(1)(*c*), (*d*).  Upon remand, the district court should determine whether there is any basis for a departure from an award of child support calculated pursuant to the offset method contained in Iowa Court Rule 9.14.

In addition, because the medical support provisions provided in the district court's original decree were based upon an erroneous interpretation of the support guidelines, the district court should reconsider its requirement that Thomas pay the first $250 of all medical, optical, dental and prescription drug expenses not covered by insurance on an annual basis up to a maximum of $500 for all the children.  *See* Iowa Ct. R. 9.12 (requiring custodial parent to "pay the first $250 per year per child of uncovered medical expenses up to a maximum of $500 per year for all children").  The court should also consider the allocation of the children as dependents for tax purposes for the same reason.  *Cf. In re Marriage of Okland*, 699 N.W.2d 260, 268 (Iowa 2005) (where original support provisions were based on joint physical care and trial court modified decree to award primary physical care to one parent, the support provisions needed to reflect this new arrangement).  As a general rule, the parent given primary physical care is entitled to claim the child as a tax exemption.  *Id.* at 269.  The court, however, has the authority to award tax exemptions " 'to achieve an equitable resolution of the economic issues presented.' "  *Id.* (quoting *In re Marriage of Rolek*, 555 N.W.2d 675, 679 (Iowa 1996)).  In this case involving joint physical care, the allocation of deductions should be based upon the impact on the children's interests.  *Id.* (considering the effect of deductions on parent's income and whether it freed up more money for the benefit of the children).

Thomas seeks an award of appellate fees from Seay on this appeal. In light of our disposition, we decline to award attorneys' fees to Thomas. *Okland*, 699 N.W.2d at 270 (no reason to award attorneys' fees where opposing party primarily prevails).

### IV. Conclusion.

The decision of the court of appeals is vacated, the decision of the district court is reversed, and the matter is remanded to the district court.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT VACATED; CASE REMANDED.**