**IN THE COURT OF APPEALS OF IOWA**

No. 18-1921
Filed August 7, 2019

**STEPHEN SCHOONOVER,**
        Plaintiff-Appellee,

**vs.**

**MEGAN COULTER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Fayette County, Richard D. Stochl,

Judge.


        Megan Coulter appeals a district court decree awarding Stephen

Schoonover physical care of their child. **AFFIRMED AS MODIFIED.**



        Jill A. Dillon of Dillon Law, P.C., Sumner, for appellant.

        Stephen Schoonover, Maynard, pro se appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Megan Coulter and Stephen Schoonover are the unmarried parents of a child born in 2013. Schoonover filed a petition for custody and visitation in Fayette County. Coulter followed with a similar petition in Woodbury County. The parents agreed to a temporary custody and visitation arrangement, and the district court in Woodbury County filed an order approving the arrangement. Schoonover moved to incorporate the temporary order from Woodbury County in the Fayette County case. The Fayette County district court granted the incorporation request.[1]

Under the temporary order, Schoonover received "temporary primary physical care of the child" subject to visitation with Coulter "every weekend from 3:00 p.m. Fridays until noon on Tuesdays." The order allowed either Coulter or her mother to pick up and drop off the child. The parents operated under this order for several months preceding trial.

At trial, neither party was represented by counsel. Following abbreviated testimony, the district court granted Schoonover physical care of the child but modified the visitation portion of the temporary order to limit Coulter's visits to every other weekend from Friday through Sunday. Coulter appealed the physical care portion of the decree.[2]

Coulter argues the district court's physical care decision did not serve the child's best interests. Our analysis of who should have physical care is the same whether the parents are married or unmarried. *Lambert v. Everist,* 418 N.W.2d 40,

---

[1] The Woodbury County action was apparently dismissed.
[2] Schoonover's brief was stricken because it was not timely filed and did not comply with the rules of appellate procedure.

42 (Iowa 1988). Specifically, we apply the factors set forth in our chapter on dissolutions of marriage. *Id.*; *see* Iowa Code §§ 598.41(3), 600B.40(2) (2018).

Our de novo review of the limited record discloses the following facts. According to Schoonover, the parents followed the temporary order "for the majority of the time" but there were "hiccups along the way as far as communication" on the part of both parents. The problems stemmed in part from the fact that Coulter moved to the western part of the state and Schoonover remained in the eastern part of the state. Coulter returned to eastern Iowa three months before trial.

When asked what relief he was requesting, Schoonover responded that he wanted the court "to amend the temporary order" to allow him to have the child if she did not go with Coulter on weekends. He also pointed out the child had "been in the same [pre]school for the last year, she "love[d] her teachers and her friends," and she was expected to start kindergarten in the fall. When asked why he should be granted physical care of the child, Schoonover mentioned that Coulter declined to send the child to school when she had magic marker on her face, put locks on the child's bedroom door, and did not take advantage of all the visitation time afforded her under the temporary order.

Coulter's testimony also was brief. She stated she left Schoonover "because of several instances of physical and verbal and emotional abuse." She "basically begged him to spend time with" his daughter "for the next four to five months," but he demurred "until almost a year later." By then, the child "was almost three." She stated the child was with her "every single day of her life since she was fifteen months old until she was almost three when [Schoonover] finally

decided he wanted to spend time with her." She also noted the locks on the bedroom doors were to keep the dog out and the child was never locked in her room.

On this record, we agree Coulter should have been granted physical care. First, under the temporary order, she effectively exercised primary physical care through "visitation" four overnights a week. *See* Iowa Code § 598.41(3)(e). Second, Coulter was the child's sole caretaker for almost two years preceding entry of the temporary order. Third, her testimony that Schoonover domestically abused her several times was uncontradicted and is a relevant factor in the physical care determination. *See id.* § 598.41(3)(j). Finally, Coulter refuted Schoonover's assertion that she mistreated the child by locking her in her room.

Schoonover, in contrast, had little to say about his parenting time or skills. He simply requested the opportunity to have the child on the weekends when Coulter elected not to exercise visitation. While he mentioned the need to "keep stability in [the child's] life," one can glean from his limited request for relief that the temporary arrangement fostered that stability.

In concluding Coulter should have been granted physical care, we acknowledge the general practice of giving weight to the district court findings in light of the court's unique ability to assess witness demeanor. *See In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984) ("We are denied the impression created by the demeanor of each and every witness as the testimony is presented."). But here the court's finding that the child was "well cared for" in Schoonover's home was not supported by testimony, and the court's determination that the "status quo" should be maintained pointed to Coulter as the primary

physical caretaker.  *Cf. In re Seay*, 746 N.W.2d 833, 835–36 (Iowa 2008) ("While joint physical care does require equal responsibility on routine, daily decision-making, it does not require that the residential arrangements be determined with mathematical precision.").  For these reasons, we modify the physical-care determination and remand for proceedings consistent with the opinion.

Coulter requests $1500 in appellate attorney fees.  An award of appellate attorney fees rests within our discretion.  *In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007).  Because Coulter prevailed, we grant her request.

**AFFIRMED AS MODIFIED.**

Tabor, J., concurs; Mullins, J., dissents.

**MULLINS, Judge** (dissenting)

Based on the extremely limited trial record and ignoring the non-record facts asserted by Coulter in her brief on appeal, I would affirm.