# IN THE COURT OF APPEALS OF IOWA

No. 21-0587
Filed February 16, 2022

**IN RE THE MARRIAGE OF JOHN GIBSON AND ALEXA GIBSON**

**Upon the Petition of**
**JOHN GIBSON,**
    Petitioner-Appellee,

**And Concerning**
**ALEXA GIBSON,**
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Clarke County, John D. Lloyd and

Elisabeth Reynoldson, Judges.

Alexa Gibson challenges the district court's temporary child support order.

**AFFIRMED.**

Karmen Anderson, Des Moines, for appellant.

Katie M. Naset and Adam J. Naset of Hope Law Firm & Associates, P.C.,

West Des Moines, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**BOWER, Chief Judge.**

John Gibson and Alexa Gibson are in the process of dissolving their marriage. They have three children together, ages one, two, and three. The district court held an unreported hearing on temporary matters. The court awarded the parents joint legal custody and set out a schedule for each parent's physical care of the children. The court calculated each parent's monthly income, used the child support guideline for joint physical care, and employed the offset method set out in Iowa Court Rule 9.14, ruling Alexa was to pay John temporary child support in the amount of $268.39 per month. The court tasked John with preparing "a formal order implementing this ruling," which Alexa's counsel was to approve as to form. The order was filed on March 30, 2021, and included the language: "counsel attests that the Order has been presented to opposing counsel who has consented to this Order being presented to the Court at any time or place, without hearing or further notice to the parties or counsel."

New counsel appeared for Alexa and filed a notice of appeal, asserting the child support calculation is based upon a shared care arrangement but "the visitation schedule clearly provided John with extraordinary visitation, but not equal parenting time." Alexa asserts the court erred in employing the offset method and the court made no provision for childcare expenses.

A temporary support order is final and reviewable.[1] *In re Marriage of Denly*, 590 N.W.2d 48, 50 (Iowa 1999). Our review of the interpretation of court rules

---

[1] Alexa recognized she was appealing from a final order but sought "interlocutory review." The supreme court observed the appeal was of right and transferred the matter to this court.

regarding the award of child support is for errors of law.[2]  *In re Seay*, 746 N.W.2d

833, 834 (Iowa 2008).

Alexa's brief acknowledges the district court "awarded both parties physical

custody" and used the offset method.  As was explained in *Seay*,

> In Iowa, we have adopted a rule which requires application of the offset method for calculating child support in cases involving joint physical care.  Iowa Ct. R. 9.14.  The rule reflects the difference between joint physical care and other parental arrangements.  Under Iowa Code section 598.1(4) [(2021)], parties awarded joint physical care have equal responsibility to maintain homes and provide routine care for the child.  No party has superior rights or responsibilities with respect to the child.  In contrast, the legal rights and responsibilities of a party with only joint legal custody and visitation is more limited.  *See* Iowa Code § 598.1(3).  As a result, ordinarily a parent with joint physical care directly expends more for the support of a child than a party awarded joint legal custody and visitation.  Application of the offset method as a starting point in determining child support recognizes these differences.

*Id.* at 835.

As in *Seay*, Alexa argues "equally shared" in rule 9.14 means physical care

of the children is equally divided on a calendar basis.  *See id.*  Our supreme court

observed:

> Although the text of Iowa Court Rule 9.14 uses the parenthetical "equally shared," this phrase is a generalized description of the responsibilities and decision-making authority of each party.  Under joint physical care, the parties are equally responsible for routine, daily decisions to be made regarding the child or children regardless of residential arrangements at the time.  While joint physical care does require equal responsibility on routine, daily decision-making, it

---

[2] John argues the appeal was untimely because it was not filed within thirty days of the district court's initial ruling.  But the court's ruling of February 17, 2021, contemplated that a "formal order" would follow.  Alexa's appeal was timely filed after the formal order was filed on March 30.

does not require that the residential arrangements be determined with mathematical precision.

*Id.* at 835–36 (citations omitted).

There is a rebuttable presumption that the child-support guidelines determine the appropriate amount of child support to be awarded. Iowa Ct. R. 9.4. The guideline amount of child support for parents awarded joint physical care may be varied only if the district court makes written findings that application of the guidelines would be unjust or inappropriate according to established criteria. Iowa Ct. R. 9.11; *In re Marriage of Powell*, 474 N.W.2d 531, 533 (Iowa 1991). We have no such finding.

Alexa asserts the guideline amount is unjust because she has the care of the children from 6:00 p.m. on Sundays through 6:00 p.m. on Thursdays and John has physical care from 6:00 p.m. Thursdays through 6:00 p.m. on Sundays. She contends this is not joint physical care; rather, it is shared care with liberal visitation to John. *Seay* rejected this same argument.

Alexa also contends the court did not provide for childcare expenses, which she contends she covers completely.[3] The court's guideline worksheet notes "joint physical care." Because of this designation on the child support guidelines worksheet, there was no "custodial parent" with deductible child care expenses. The court observed the case was submitted on written affidavits and financial documents. The court noted the lack of testimony and that "the court is left to

---

[3] We note that Alexa's financial affidavit notes childcare expenses of $74 and $160 for preschool. The affidavit does not mention if these expenses are weekly or monthly. Alexa's written affidavit states the maternal grandparents watch the children while she works.

devise a temporary order that is hopefully a precursor to the parties reaching an agreement that resolves this matter for the long term." We discern no error requiring a modification of the temporary support order. We therefore affirm.

John seeks an award of appellate attorney fees. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion." *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). "In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal." *In re Marriage of Hoffman*, 891 N.W.2d 849, 852 (Iowa Ct. App. 2016) (citation omitted). After considering these factors, and mindful that more costs will accrue as this matter continues, we leave the division of appellate attorney fees for the trial court to equitably divide in the dissolution when all attorney fees and other issues can be considered and resolved.

**AFFIRMED.**