In re the MARRIAGE OF Susan K.
Baker POWELL and Haydn B.
Powell, Jr.

Upon the Petition of Susan K.
Baker Powell, Appellee,

And Concerning Haydn B. Powell,
Jr., Appellant.

No. 90–1455.

Supreme Court of Iowa.

June 19, 1991.

Rehearing Denied, July 17, 1991.

Robert H. Gallagher, Bettendorf, for appellant.

H. Reed Doughty of Nagle, Harris, Cook, Payson & Doughty, Davenport, for appellee.

ANDREASEN, Justice.

This is an appeal from an order modifying a child support order. The district court applied existing guidelines and ordered the father to pay $650 per week as child support.

Our review is de novo. Iowa R.App.P. 4. We are not bound by the district court's findings of fact, but we give them weight. Iowa R.App.P. 14(f)(7).

## I. *Background.*

A dissolution of marriage was granted to the parties on September 3, 1982. The court granted custody of five-year-old Meredith Renee and one-year-old Lisa Michelle to their mother Susan K. Baker Powell and ordered their father Haydn B. Powell, Jr. to pay $500 per month as child support.

In 1989 both parties filed an application for modification of the decree. Haydn asked that joint custody be established and that his visitation be expanded. Susan asked that additional child support be awarded and that medical and hospital insurance for the children be ordered by the court.

At the modification hearing in August of 1990, the parties asked approval of an agreement for joint custody of the children with Susan to have physical care and Haydn to have specifically agreed upon visitation rights.

Haydn testified he had sold his chiropractic practice, effective January 1, 1990. The court found Haydn had voluntarily reduced his income to avoid an increase in child support. Based upon Haydn's 1988 income tax return, the court determined his 1988 net income, after deducting expenses and taxes, was $119,260. Finding that Haydn was "capable of netting" this amount of income per year, the court applied the 1989 child support guideline percentage of 28.1 against Haydn's earning capacity and determined the appropriate child support under the guidelines to be $650 per week. The court ordered payment of the modified child support amount to commence on the thirty-first day of August 1990. The court also ordered Haydn to provide medical and hospital insurance to cover the needs of the minor children and that any medical cost for the children not covered by insurance would be split equally between the parties. Haydn appeals the court's findings, conclusions and judgment.

The only issue raised by Haydn on appeal pertains to the amount of child support ordered by the court. Haydn challenges the court's findings that his earning capacity is equivalent to his 1988 income,

that he had voluntarily reduced his income to avoid an increase in child support, and that $650 per week child support is reasonable and necessary. Both parties agree there has been a substantial change in circumstances since the dissolution decree was granted.

## II. *Child Support Guidelines.*

In an effort to improve the adequacy of child support payments throughout the United States, Congress passed the Child Support Enforcement Amendments in 1984 and the Family Support Act of 1988. Under this legislation, states were to develop and implement child support guidelines. 42 U.S.C. § 667. The use of guidelines, based upon a mathematical formula, was intended to remedy the inadequate, inconsistent, and ineffective case by case approach for setting child support. Under the federal act, each state was to establish guidelines for child support award amounts by October 13, 1989. Pursuant to legislative directive, we adopted child support guidelines effective October 12, 1989.

■ Under the law there is a rebuttable presumption that the amount of child support which would result from the application of the guidelines is correct. 1989 Acts ch. 166, § 6 (codified at Iowa Code § 598.-21(4)(a) (1991)). The court cannot vary the amount of the child support without a written finding that the guidelines would be unjust or inappropriate under specific criteria.

The guidelines include charts for use by the court. The 1989 guidelines included four charts to fix the support for one, two, three, and four or more children. A copy of the 1989 guideline chart for two children is attached to this opinion as Appendix A. Amended child support guidelines were adopted in Iowa effective December 31, 1990. The 1990 guidelines enlarged the list of specifically enumerated items that were deductible from gross monthly income in arriving at net monthly income. They also revised the chart percentages and increased the number of charts to include one, two, three, four, and five or more children. A copy of the 1990 guidelines chart for two children is attached to this opinion as Appendix B.

■ Although the trial court was required to fix monthly child support based upon the 1989 guidelines, we apply the current 1990 guidelines in our de novo review. *See In re Marriage of Lalone,* 469 N.W.2d 695 (Iowa 1991); *In re Marriage of Ladely,* 469 N.W.2d 663 (Iowa 1991); *In re Marriage of Bergfeld,* 465 N.W.2d 865 (Iowa 1991).

## III. *Parent's Net Income.*

■ In determining child support under the guidelines, the court must determine both the custodial and noncustodial parent's net monthly income. Net monthly income is defined in the guidelines to be the gross monthly income less specifically enumerated deductions.

Parties in a dissolution proceeding must disclose their financial status. Iowa Code § 598.13. We have prescribed a financial status form to be filed by both parties prior to dissolution hearings involving alimony or child support. Iowa Ct.R. 205. This form requires the affiant to show the current gross income source and amount, an explanation of the deductions in arriving at the net income amount, and the amount of net income. Although not designed for use in determining net income for guidelines purposes, it can be so used. Both parties filed the form.

Susan is an employee with a gross monthly income of $960 and a net income of $720. Haydn is a self-employed doctor of chiropractic. Haydn testified that he had sold his practice in Jefferson City, Missouri, on contract, to a relative for $250,000 with possession given on January 1, 1990. He stated the unpaid balance on the contract was approximately $150,000 and that at the time of the hearing he was attempting to buy back into the practice. His affidavit reported as his total monthly income the sum of $2074, the amount he receives from the sale of his practice.

Haydn furnished evidence that his annual net taxable income from 1982 through 1988 ranged from a low of $16,951 in 1985

to a high of $176,442 in 1988. The average net income for the seven year period was $57,214. Although the modification hearing was held in August of 1990, Haydn did not provide 1989 income tax information. He did testify that his net taxable income from the practice for 1989 was a little more than his reported 1988 net income.

■ The guideline charts are designed to determine the amount of child support based upon the number of children and the current net monthly income of the custodial and noncustodial parent. Prior to the 1989 guidelines, the court was required to consider statutory factors when fixing child support. Iowa Code § 598.21(4), (8) (1987). With the adoption of guidelines, the court is no longer required to consider the statutory factors. 1989 Iowa Acts ch. 166, § 6; 1990 Acts ch. 1224, § 45. However, the factors may be considered when the guidelines require judicial discretion or if the guidelines award would be unjustified or inappropriate.

The district court used Haydn's 1988 net income as the basis for establishing his earning capacity. The court then treated this amount as income for computation of child support under the 1989 guidelines.

■ The court must determine the parent's current monthly income from the most reliable evidence presented. This often requires the court to carefully consider all of the circumstances relating to the parent's income. Where the parent's income is subject to substantial fluctuations, it may be necessary to average the income over a reasonable period when determining the current monthly income.

Haydn's income from his practice fluctuates monthly and annually. Although he was unemployed at the time of the modification hearing, this was a temporary condition. Under these circumstances the court may determine current monthly income based upon his income prior to his temporary unemployment.

## IV. *Voluntary Reduction of Parent's Income.*

■ The district court considered Haydn's sale of his chiropractic practice as a voluntary reduction of his income. We have denied a modification if the payor's income has been voluntarily reduced. *In re Marriage of Wahlert*, 400 N.W.2d 557, 560 (Iowa 1987); *Ellis v. Ellis*, 262 N.W.2d 265, 268 (Iowa 1978). The court treated Haydn's 1988 income as his current net income and ignored the fact that Haydn was unemployed and his actual income was limited to the proceeds from the sale of his practice. Although we agree with the district court's finding that Haydn voluntarily reduced his income, we do not agree the 1988 income should be the sole basis for determining current net income.

## V. *Support Award.*

■ The 1989 guidelines charts did not give the court discretion when fixing child support. *See* Appendix A. The 1990 guidelines permit the court to exercise discretion in fixing support when the noncustodial parent's net monthly income is $3001 and over. *See* Appendix B. Because Haydn's net monthly income is in excess of $3000 and Susan's net income is $720, we exercise discretion in fixing the amount of support. Under the circumstances, the amount cannot be less than $966 per month. (32.2 percent times $3000.)

Susan's affidavit shows personal expenses for her support and the support of her two children to be $1685 per month. Since Susan's net monthly income is $720, Haydn argues the needs of the children can be satisfied by the payment of $965 per month. He urges the district court's allowance of $2817.67 per month would provide Susan with alimony in the name of child support rather than meeting the children's needs.

■ Although Iowa Code section 598.21(4)(a) provides that the child support amount should be reasonable and necessary, the support award is not limited to the actual current needs of the child but may reflect the standard of living the child would have enjoyed had there not been a dissolution. *In re Marriage of Campbell*, 451 N.W.2d 192, 194 (Iowa App.1989). A

reasonable award would include consideration of the factors set out in *In re Marriage of Zoellner*, 219 N.W.2d 517, 528 (Iowa 1974). We conclude that $1500 per month is a reasonable and necessary amount for child support.

The district court's order and decree is modified to provide child support of $1500 per month. As modified, it is affirmed.

AFFIRMED AS MODIFIED.

All Justices concur except LAVORATO, J., who takes no part.

## APPENDIX A

Two Children
Custodial Parent's Net Monthly Income

| | $0-100 | $101-200 | $201-300 | $301-400 | $401-500 | $501-600 | $601-700 | $701-800 | $801-900 | $901-1000 | $1001 & Over |
|---|---|---|---|---|---|---|---|---|---|---|---|
| $0-100 | 18.9% | 17.6% | 16.3% | 15.0% | 11.5% | 8.0% | 0 | 0 | 0 | 0 | 0 |
| $101-200 | 25.4% | 24.1% | 22.8% | 21.5% | 17.4% | 13.3% | 9.2% | 5.1% | 0 | 0 | 0 |
| $201-300 | 30.2% | 28.9% | 27.6% | 26.3% | 22.2% | 18.1% | 14.0% | 9.9% | 5.8% | 0 | 0 |
| $301-400 | 33.4% | 32.1% | 30.8% | 29.5% | 25.8% | 22.1% | 18.4% | 14.7% | 11.0% | 7.3% | 0 |
| $401-500 | 35.0% | 33.7% | 32.4% | 31.1% | 28.0% | 24.9% | 21.8% | 18.7% | 15.6% | 12.5% | 9.4% |
| $501-600 | 35.7% | 34.4% | 33.1% | 31.8% | 29.3% | 26.8% | 24.3% | 21.8% | 19.3% | 16.8% | 14.3% |
| $601-700 | 36.2% | 34.9% | 33.6% | 32.3% | 30.1% | 27.9% | 25.7% | 23.5% | 21.3% | 19.1% | 16.9% |
| $701-800 | 36.6% | 35.3% | 34.0% | 32.7% | 30.8% | 28.9% | 27.0% | 25.1% | 23.2% | 21.3% | 19.4% |
| $801-900 | 36.8% | 35.5% | 34.2% | 32.9% | 31.2% | 29.5% | 27.8% | 26.1% | 24.4% | 22.7% | 21.0% |
| $901-1000 | 37.1% | 35.8% | 34.5% | 33.2% | 31.7% | 30.2% | 28.7% | 27.2% | 25.7% | 24.2% | 22.7% |
| $1001 & Over | 37.2% | 35.9% | 34.6% | 33.3% | 32.0% | 30.7% | 29.4% | 28.1% | 26.8% | 25.5% | 24.2% |

Non-Custodial Parent's Net Monthly Income

To determine the monthly child support payments, multiply the noncustodial parent's net monthly income by the percentage shown on the chart.

# APPENDIX B
## IOWA CHILD SUPPORT GUIDELINES

### TWO CHILDREN

| | | NON-CUSTODIAL PARENT'S NET MONTHLY INCOME | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | $500 &* UNDER | 501- 600 | 601- 700 | 701- 800 | 801- 900 | 901- 1000 | 1001- 3000 | 3001 &** OVER |
| | $0- 100 | | 35.7 | 36.2 | 36.6 | 36.8 | 37.1 | 37.2 | |
| | 101- 200 | | 35.0 | 35.4 | 35.8 | 36.1 | 36.5 | 36.5 | |
| | 201- 300 | * | 34.3 | 34.8 | 35.2 | 35.7 | 35.8 | 35.8 | ** |
| | 301- 400 | | 33.6 | 34.1 | 34.7 | 34.8 | 34.9 | 35.0 | |
| | 401- 500 | | 32.8 | 33.5 | 34.1 | 34.2 | 34.3 | 34.3 | |
| CUSTODIAL PARENT'S NET MONTHLY INCOME | 501- 600 | | 32.1 | 32.9 | 33.6 | 33.6 | 33.6 | 33.6 | |
| | 601- 700 | | 31.4 | 32.3 | 32.5 | 32.7 | 32.8 | 32.9 | |
| | 701- 800 | * | 30.7 | 31.7 | 31.9 | 32.0 | 32.1 | 32.2 | ** |
| | 801- 900 | | 30.0 | 31.1 | 31.2 | 31.3 | 31.4 | 31.4 | |
| | 901-1000 | | 29.3 | 30.4 | 30.5 | 30.6 | 30.7 | 30.7 | |
| | 1001-1100 | | 28.6 | 29.8 | 29.9 | 30.0 | 30.0 | 30.0 | |
| | 1101-1200 | | 27.9 | 29.2 | 29.7 | 30.0 | 30.0 | 30.0 | |
| | 1201-1300 | * | 27.1 | 28.6 | 29.7 | 30.0 | 30.0 | 30.0 | ** |
| | 1301-1400 | | 26.4 | 28.0 | 29.2 | 30.0 | 30.0 | 30.0 | |
| | 1401-1500 | | 25.7 | 27.3 | 28.6 | 30.0 | 30.0 | 30.0 | |
| | 1501-1600 | | 25.0 | 26.7 | 28.1 | 29.5 | 29.9 | 30.0 | |
| | 1601-1700 | | 24.3 | 26.1 | 27.6 | 29.0 | 29.8 | 30.0 | |
| | 1701-1800 | * | 23.6 | 25.5 | 27.0 | 28.5 | 29.7 | 30.0 | ** |
| | 1801-1900 | | 22.9 | 24.9 | 26.5 | 28.1 | 29.7 | 30.0 | |
| | 1901-2000 | | 22.1 | 24.2 | 25.9 | 27.6 | 29.2 | 30.0 | |
| | 2001-2100 | | 21.4 | 23.6 | 25.4 | 27.1 | 28.8 | 30.0 | |
| | 2101-2200 | | 20.7 | 23.0 | 24.8 | 26.6 | 28.4 | 30.0 | |
| | 2201-2300 | * | 20.0 | 22.4 | 24.3 | 26.2 | 28.0 | 30.0 | ** |
| | 2301-2400 | | 19.3 | 21.8 | 23.7 | 25.7 | 27.6 | 30.0 | |
| | 2401-2500 | | 18.6 | 21.2 | 23.2 | 25.2 | 27.2 | 30.0 | |
| | 2501-2600 | | 17.9 | 20.5 | 22.6 | 24.7 | 26.8 | 30.0 | |
| | 2601-2700 | | 17.2 | 19.9 | 22.1 | 24.3 | 26.4 | 30.0 | |
| | 2701-2800 | * | 16.4 | 19.3 | 21.5 | 23.8 | 26.0 | 30.0 | ** |
| | 2801-2900 | | 15.7 | 18.7 | 21.0 | 23.3 | 25.6 | 30.0 | |
| | 2901-3000 | | 15.0 | 18.1 | 20.4 | 22.8 | 25.2 | 30.0 | |
| | 3000&Over | * | 14.3 | 17.4 | 19.9 | 22.4 | 25.0 | 30.0 | ** |

To determine the monthly child support payments, multiply the non-custodial parent's net monthly income, at the point where it intersects the custodial parent's net monthly income, by the percentage shown on the chart.

* It is the policy of this state that every parent contribute to the support of his or her children in accordance with the means available. In this range the appropriate figure is deemed to be within the sound discretion of the court or the agency fixing support by administrative order. Some amount of child support is required.

** In this range the appropriate figure is deemed to be within the sound discretion of the court or the agency fixing support by administrative order. The amount of support payable by a non-custodial parent with a monthly net income of $3,001 or more shall be no less than the dollar amount as provided for in the guidelines for a non-custodial parent with a monthly net income of $3,000.