**In re the MARRIAGE OF Linda Susan GEHL and Edward Vincent Gehl**

**Upon the Petition of Linda Susan Gehl, n/k/a Linda Susan Bickel, Appellee,**

**And Concerning Edward Vincent Gehl, Appellant.**

No. 91–429.

Supreme Court of Iowa.

June 17, 1992.

Robert C. Nelson, Cedar Rapids, for appellant.

Hugh G. Albrecht of the Tom Riley Law Firm, P.C., Cedar Rapids, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ and CARTER, JJ.

McGIVERIN, Chief Justice.

Respondent Edward Vincent Gehl appeals from the district court's order establishing his child support obligation for one child at $800 per month. We affirm.

I. *Background facts and proceedings.* The marriage of respondent Edward Vincent Gehl (Edward) and petitioner Linda Susan Bickel (Susan) was dissolved by a decree entered in April 1980. At that time, Edward retained physical care of the parties' three minor sons, and Susan began paying child support to the friend of the court of $210 per month for the support of the boys. In 1986, after the oldest of the sons became emancipated, the original decree was modified by a further court order pursuant to a stipulation of the parties. Edward retained primary care of the then two minor sons, and Susan was ordered to pay $250 per month per child in support.

Subsequent to the parties' divorce in April 1980, both Edward and Susan remarried; Edward lives in Wisconsin with his wife Kristi, and Susan lives in Cedar Rapids with her husband Earl, who is an orthopedic surgeon.

During the summer of 1987, after Edward and Susan's second oldest son became emancipated, their youngest and only unemancipated son, Eric, went to Cedar Rapids to visit his mother for his regularly scheduled summer visitation. However, Eric never returned to his father's home in Wisconsin, and has remained in Cedar Rapids ever since.

Our review of the record reveals that Edward and Susan then informally agreed to terminate Susan's obligation to pay $250 per month for Eric's support. Instead, Edward was to pay Susan $200 per month therefor.

Susan thereafter filed an application to formally modify the 1986 modification of the dissolution decree. Among other things, she sought "a fair and reasonable amount of monthly child support payment for the support, maintenance and education" of Eric. Edward and Susan ultimately resolved all issues raised in Susan's application, including the placing of physical care of Eric with Susan, except for the amount of Edward's monthly obligation for Eric's support.

After trial, the district court found that Susan's net monthly income, for purposes of applying our child support guidelines, was approximately $1,800; the court found that Edward's net monthly income was $3,629. Based upon its application of the support guidelines, the court ordered Ed-

ward to make payments to Susan of $800 per month for Eric's support, with the payments to be made retroactively from October 1, 1990. The court stated in its ruling that the annual income of Susan's husband Earl, which was over $300,000 when combined with Susan's income stated above, was not "a factor to be considered automatically in the calculation of child support," and thus did not warrant a departure in application of the support guidelines.

Edward has appealed from the district court's order, contending that the award of $800 per month for one child's support is inequitable. He also claims that the court abused its discretion in failing to find that the amount of support as prescribed by the child support guidelines should be adjusted downward due to "special circumstances," including the income of Susan's husband Earl.

■ Our review in this equity case is de novo. *See* Iowa R.App.P. 4. We give weight to the findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. *See* Iowa R.App.P. 14(f)(7).

II. *Amount of child support.* The issue in this case is whether the district court's application of our child support guidelines and its order fixing Edward's child support obligation at $800 per month is inequitable or otherwise an abuse of discretion under the guidelines. We conclude that the district court correctly applied the support guidelines and that its order was not inequitable or an abuse of discretion.

A. Congress passed legislation in 1984 and 1988 in an effort to improve the adequacy of child support payments throughout the United States. *See generally In re Marriage of Powell,* 474 N.W.2d 531, 533 (Iowa 1991). Under this legislation, states were to develop and implement child support guidelines intended to remedy the inadequate, inconsistent, and ineffective case by case approach for setting child support. *Id.* Our recently amended guidelines promulgated by this court pursuant to Iowa Code section 598.21(4) (1989), as amended by 1989 Iowa Acts chapter 166,

section 6, which are applicable to this case, became effective December 31, 1990. *See In re Marriage of Bergfeld,* 465 N.W.2d 865, 868–69 (Iowa 1991).

■ In determining the appropriate amount of child support under our guidelines, a court must determine both the custodial and noncustodial parent's net monthly income. There is a rebuttable presumption that the amount of child support which would result from application of the guidelines is correct. *See* 1989 Iowa Acts ch. 166, § 6 (codified at Iowa Code § 598.21(4) (1991)). A court cannot vary the amount of the child support prescribed by the guidelines without a written finding that application of the guidelines would be unjust or inappropriate under the "special circumstances" of the case.

Based upon our de novo review of the record, we agree with the district court's determination that Susan's net monthly income for purposes of applying the child support guidelines is $1,800. We likewise agree with the court's determination that Edward's net monthly income is $3,629. With respect to setting child support for noncustodial parents such as Edward, with a net monthly income of over $3,001, our guidelines provide as follows:

> In this range the appropriate figure is deemed to be within the sound discretion of the court or the agency fixing support by administrative order. The amount of support payable by a noncustodial parent with a monthly net income of $3,001 or more shall be no less than the dollar amount as provided for in the guidelines for a noncustodial parent with a monthly net income of $3,000.

*See, e.g., In re Marriage of Lalone,* 469 N.W.2d 695, 696 (Iowa 1991).

The guidelines require a noncustodial parent to contribute 22.5 percent of that parent's net monthly income toward the support of a single child if the noncustodial parent's net monthly income is $3,000 and the custodial parent's income is $1,800. Thus, at a minimum, the guidelines obligate Edward to make payments of $675

per month for Eric's support ($3,000 multiplied by 22.5 percent).

In this case, the district court in its discretion calculated Edward's monthly support figure by multiplying 22.5 percent by Edward's net monthly income of $3,629 and rounding it off to $800. On this appeal, Edward contends that the district court abused its discretion by calculating the amount of monthly child support in this manner. He also argues that the amount of child support should be adjusted downward due to "special circumstances," including the annual income of Susan's husband Earl. We disagree with both contentions.

B. Prior to adoption of our child support guidelines, a court was required to consider certain statutory factors when fixing child support. *See Powell*, 474 N.W.2d at 534; Iowa Code §§ 598.21(4), 598.21(8) (1987). With the adoption of guidelines, a court is no longer required to consider these statutory factors. *See Powell*, 474 N.W.2d at 534. However, "the factors *may* be considered when the guidelines require judicial discretion or if the guidelines award would be unjustified or inappropriate." *Id.* (emphasis supplied).

One such factor which a court exercising its discretion may consider is the remarriage of a party. *See* Iowa Code § 598.21(8)(g). More specifically, we have indicated that although a divorced parent's new spouse, such as Susan's husband Earl, has a limited obligation to support a child of the divorced parent, the new spouse's income can be considered as it relates to the divorced custodial parent's overall financial condition and ability to support the child. *See In re Marriage of Dawson*, 467 N.W.2d 271, 276 (Iowa 1991); *Page v. Page*, 219 N.W.2d 556, 558 (Iowa 1974); *Mears v. Mears*, 213 N.W.2d 511, 518 (Iowa 1973); *see also In re Marriage of Linberg*, 462 N.W.2d 698, 701 (Iowa App.1990); *In re Marriage of Mueller*, 400 N.W.2d 86, 88–89 (Iowa App.1986); *In re Marriage of Stafford*, 386 N.W.2d 118, 122 (Iowa App.1986); *State ex rel. Mohr v. Mohr*, 377 N.W.2d 247, 248–49 (Iowa App.1985).

However, the mere fact that a party has remarried does not alone constitute a "special circumstance" which otherwise warrants a court in departing from the requirements of the child support guidelines. *See State ex rel. Epps v. Epps*, 473 N.W.2d 56, 59 (Iowa 1991) (enforcement of child support guidelines would not result in substantial injustice, even given father's commitment to a second family); *Gilley v. McCarthy*, 469 N.W.2d 666, 668 (Iowa 1991) (child support obligor's duty to support legitimate child did not warrant departure from guidelines in setting support award for illegitimate child); *In re Marriage of Ladely*, 469 N.W.2d 663, 665 (Iowa 1991) (fact that former husband had new family was not a "special circumstance" justifying deviation from guideline level of support for child of first family).

As stated above, the district court in its discretion calculated Edward's monthly support obligation of $800 by multiplying Edward's net monthly income of $3,629 by 22.5 percent. This $800 per month figure is only $125 per month greater than the $675 per month minimum that the court was required to order pursuant to the support guidelines absent "special circumstances." In calculating the $800 per month figure, the court stated that the annual income of Susan's husband Earl was not "a factor to be considered automatically in the calculation of child support." This was a correct statement of law as outlined in the above authorities.

Based upon our de novo review of the record, we cannot say that the district court abused its discretion by calculating the amount of Edward's monthly child support in the manner outlined above. We also conclude that the court was correct in determining that the annual income of Susan's husband Earl was not a "special circumstance" which otherwise justified departure from the child support guidelines. Neither of the parties disputes October 1, 1990, as the date from which payments should be made.

III. *Attorney fees.* Susan has filed an application for appellate attorney fees.

*See* Iowa Code § 598.36. The application is denied.

IV. *Disposition.* In sum, we conclude that it was proper for the district court to order Edward to pay $800 per month as child support for his son Eric. Costs on appeal are taxed to Edward.

AFFIRMED.