# IN THE COURT OF APPEALS OF IOWA

No. 17-1807
Filed September 26, 2018

IN RE THE MARRIAGE OF AMANDA RENAE OLSON
AND BRIAN ALAN OLSON

Upon the Petition of
**AMANDA RENAE OLSON, n/k/a AMANDA RENAE REESE,**
        Petitioner-Appellant,

**And Concerning**
**BRIAN ALAN OLSON,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Pocahontas County, Kurt L. Wilke,

Judge.


        The petitioner appeals the district court's denial of her application to modify

the parties' dissolution decree.  **AFFIRMED.**


        David H. Skilton of Cronin, Skilton & Skilton, PLLC, Charles City, for

appellant.

        Gregory J. Siemann of Green, Siemann & Greteman PLC, Carroll, for

appellee.


        Heard by Vogel, P.J., Tabor, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**VOGEL, Presiding Judge.**

Amanda Reese asked the court to modify the physical-care and child-support provisions of the decree dissolving her marriage to Brian Olson. Amanda's petition alleged a substantial change in circumstances regarding the care and well-being of the children and a failure to communicate as changes since the entry of the decree. The district court denied Amanda's petition. Because Amanda did not establish a basis for modification, we affirm.

### I.        Background Facts and Proceedings

Brian and Amanda were married on August 16, 2003. The marriage produced three children, born in 2004, 2008, and 2011.

In February 2016, the parties filed a joint stipulation and property settlement that the court approved and incorporated into the decree. The parties agreed they would have joint legal custody and joint physical care of the children. Brian agreed to pay child support of $500 per month for the three children and to maintain paying insurance premiums for them.

On November 10, 2016, Amanda filed a petition requesting modification of the physical-care and child-support provisions of the dissolution decree. She claimed there had been a substantial change in circumstances regarding the care and well-being of the children and a failure to communicate with Brian. Brian responded by denying Amanda's claims and asserting there had been no material change in circumstances as the parties had been able to communicate effectively.

A hearing was held on June 28, June 29, and July 26, 2017. As to parenting authority, Amanda testified she was undermined by Brian buying things for the children, such as cell phones, to keep them quiet and to alienate them from her.

Brian testified that despite some parenting differences, he and Amanda communicated well and Amanda also communicated well with Katie Olson, the children's former babysitter and Brian's new wife.

The district court denied the request to modify the physical care and child support provisions of the dissolution decree. Amanda appeals.

## II.     Standard of Review

We review the modification of a dissolution decree de novo. *In re Marriage of Wessels*, 542 N.W.2d 486, 490 (Iowa 1995). However, we will not disturb the district court's conclusion unless there has been a failure to do equity. *Id.*

## III.     Joint Physical Care

Amanda contends the district court should have modified the decree to grant her physical care of the children due to Brian's attempt to alienate the children from her. Amanda asserts Brian attempted to do so by buying them gifts to "keep them quiet." She also cited Brian's failure to communicate with her and his failure in not offering her additional time with the children when he is working or unable to care for them. Amanda also asserts she can provide superior care for the children.

A party seeking modification of a decree's physical care provision must: (1) prove by a preponderance of the evidence a substantial change in circumstances occurred after the decree was entered and (2) prove a superior ability to minister to the needs of the children. *In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016). "The changed circumstances affecting the welfare of children and justifying modification of a decree 'must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary.'"

*Id.* (quoting *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983)). "The party seeking to modify a dissolution decree thus faces a heavy burden, because once custody of a child has been fixed, 'it should be disturbed only for the most cogent reasons.'" *Id.* (quoting *Frederici*, 338 N.W.2d at 158). The controlling consideration is the best interests of the child. *In re Marriage of Thielges*, 623 N.W.2d 232, 235–36 (Iowa Ct. App. 2000).

Amanda first contends there had been a substantial change in circumstances related to the parties' communication and Brian's attempts to alienate the children from her. The district court addressed Amanda's concerns and held:

> The many exhibits of text messages between the parties in the present case show an ability to communicate on a regular basis regarding the children. The fact that the parties sometimes disagree on things does not, in itself, rise to the level of a substantial change in circumstances. . . . After all, the parties have had disagreements on topics such as disciplining their children since pre-dissolution, which was contemplated by the parties and the court in the stipulation and incorporation of the stipulation into the decree, respectively.

We agree with this assessment. The record shows that while there is some tension between the parties, there is also civil communication and cooperation between Amanda, Brian, and Katie as to the children's welfare and many activities. *C.f. Harris*, 877 N.W.2d at 441 (stating the parties were "unable to communicate civilly in person" and "their animosity toward each other [was] not lost on the children").

The district court also addressed Amanda's concerns about Brian's remarriage to Katie, the parties' former babysitter, stating:

Brian remarried on March 2, 2017, after being in a relationship with his new wife, Katie, preceding entry of the dissolution decree. Katie and Amanda were well acquainted prior to the remarriage, because Amanda had hired Katie as the children's daycare provider prior to filing for divorce. Again, looking to the exhibits of text messages offered by both parties, Amanda and Katie have an open and productive line of communication about the care of the children. In this instance, the remarriage would have been contemplated at the time of the dissolution, as Brian and Katie were already in a relationship, and thus, no substantial change in circumstances that could not be contemplated by the parties or the court.

There is sufficient evidence that these issues were present at the time of the original dissolution decree. *See Frederici*, 338 N.W.2d at 158 (explaining that the changed circumstances must not have been contemplated by the court when the decree was entered). The parties still live relatively close to one another.[1] Brian continues to work as a farmer and keeps somewhat the same hours he did when the parties were married. A major issue on appeal is Amanda not receiving additional time with the children when Brian is working. The parties agreed to offer more time to one another before finding a babysitter. The district court noted that when Brian is working out in the field, the children are normally with Katie during these times and not with a babysitter. Although Amanda objected to the children being with their stepmother, the district court did not find this to be contrary to the parties' agreement.

We agree with the district court Amanda has not carried her heavy burden of showing a substantial change in circumstances such that the present joint physical care arrangement should be altered. We affirm the district court's

---

[1] During the marriage, the family lived on a farm in Laurens, Iowa. At the time of both the dissolution and modification hearings, Amanda lived approximately one-half mile from the farm. This allows the children to stay in close proximity to both parents.

decision to deny the request to modify the physical care provision of the parties' dissolution decree.[2]

## IV. Child Support

Amanda next contends the court erred in not modifying child support. She asserts the child support did not comply with the child support guidelines and a substantial change in circumstances justifies modification.

During the marriage, Brian and Amanda ran a large family farm. Brian was a self-employed farmer and had an annual income of approximately $87,500. Amanda was employed as an x-ray technician earning approximately $31,200.

A child support amount may be modified if there is a substantial change in circumstances, as in "[c]hanges in the employment, earning capacity, income, or resources of a party." Iowa Code § 598.21C(1)(a) (2016). If the court order for child support varies by ten percent or more from the amount which would be due pursuant to the most current child support guidelines, a substantial change of circumstances exists. *Id.* § 598.21C(2)(a). The court shall not vary from the amount of child support resulting from application of the guidelines unless a substantial injustice would result to the payor, payee, or child or to do justice between the parties under the special circumstances of the case. Iowa Ct. R. 9.11. Our supreme court has held:

> (1) not every change in circumstances is sufficient; (2) it must appear that the continued enforcement of the decree would, as a result of the changed circumstances, result in positive wrong or injustice; (3) the change in circumstances must be permanent or continuous rather than temporary; and (4) the change in circumstances must not

---

[2] Because we agree no substantial change of circumstances has occurred, we need not address whether Amanda proved she can provide superior care. *See Harris*, 877 N.W.2d at 440.

have been within the contemplation of the district court when the original decree was entered.

*In re Marriage of Maher*, 596 N.W.2d 561, 565 (Iowa 1999) (noting further that "[t]he district court has reasonable discretion in determining whether modification is warranted, and we will not disturb that discretion unless there is a failure to do equity").

A parent's current monthly income must be determined from the most reliable evidence presented. *In re Marriage of Powell*, 474 N.W.2d 531, 534 (Iowa 1991). "This often requires the court to carefully consider all of the circumstances relating to the parent's income." *Id.* Where a parent's income is subject to substantial fluctuations, the court may use an average of the parent's income. *In re Marriage of Knickerbocker*, 601 N.W.2d 48, 52 (Iowa 1999). In this case, the district court did not need to average Brian's income because the parties settled the dissolution action and stipulated his income was approximately $87,500. Brian's expert opined that if his income were averaged using Brian's tax returns from 2014–2016, it would actually be much lower, $46,000. In effect, Brian agreed to pay more child support in the parties' stipulated decree.[3]

Amanda's major contention is that Brian hid money through his farming operation and earns much more than what was reported. The evidence presented indicates that Brian financed his farming operation by taking out loans to cover both farming expenses and personal expenses. The district court reviewed the evidence as to Brian's finances and concluded:

---

[3] Amanda asserts on appeal her annual net income has increased to approximately $48,000.

> Although Brian may live beyond his means by way of borrowed funds as Amanda contends, Brian's ability to borrow from the bank and spend the loan money as he chooses does not rise to the level of a substantial change in circumstances that would support a modification of child support payments.

We agree with the district court. Moreover, much of Brian's financial situation was contemplated at the time of the original decree. Amanda initially did bookkeeping for the farming operation, meaning she possessed an understanding of how this farm operation was financed. Despite Brian's high cash-flow, the downturn in his farming operation around the time of the dissolution resulted in his forced sale of land and sale of equipment, and impacted his profitability and yearly income. After the dissolution, Brian received proceeds from land sales and farm program payments that were more than expected, which subsequently increased Brian's net-worth as well as his income for 2016. Given the fluctuation in Brian's farm income we conclude the amount of child support agreed to, and contained in the dissolution decree, was equitable.

Accordingly, we conclude Amanda did not carry her burden of proving a substantial change in circumstances occurred warranting a change in child support.

### V.     Attorney's Fees

Amanda asserts the district court should have awarded her trial attorney fees.[4] "In a proceeding for the modification of an order or decree . . . the court may

---

[4] The district court did not address the issue of attorney fees in its Order and the issue was not raised by Amanda in her Request for Reconsideration. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). "When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id.*

award attorney fees to the prevailing party in an amount deemed reasonable by the court." Iowa Code § 598.36. The court's decision on whether or not to award attorney fees is reviewed for an abuse of discretion. *In re Marriage of Michael*, 839 N.W.2d 630, 639 (Iowa 2013) (stating that "[w]e have emphasized that the language of the provision is permissive and that we give the district court considerable discretion"); *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2005). Since Brian was the prevailing party, Amanda was not entitled to an award of attorney fees and the district court did not abuse its discretion in not awarding her any. *See* Iowa Code § 598.36.

Amanda also requests an award of appellate attorney fees. An award of appellate attorney fees is not a matter of right but rests within our discretion. *In re Marriage of Applegate*, 567 N.W.2d 671, 675 (Iowa Ct. App. 1997). In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal. *Id.* We decline to award Amanda appellate attorney fees.

## VI. Conclusion

Because we conclude Amanda failed to show a substantial change in circumstances since the original decree, we affirm the district court's denial of the petition to modify physical care and child support. We also affirm the district court's failure to award Amanda attorney fees and decline to award her appellate attorney fees.

**AFFIRMED.**