**IN THE COURT OF APPEALS OF IOWA**

No. 20-1501
Filed October 6, 2021

IN RE THE MARRIAGE OF KAY COOLEY
AND AARON COOLEY

Upon the Petition of
**KAY COOLEY,**
    Petitioner-Appellee,

**And Concerning**
**AARON COOLEY,**
    Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Butler County, Chris Foy, Judge.


        Aaron Cooley appeals both the temporary support order established in marriage dissolution and the denial of his subsequent motion for amended and expanded findings and conclusions of law.  **AFFIRMED AS MODIFED AND REMANDED.**


        Maria L. Hartman of Sweet & Hartman, P.L.C., Reinbeck, for appellant.

        Elizabeth M. Wayne of Papenheim Law Office, Parkersburg, for appellee.


        Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

After an order established temporary child support and spousal support, Aaron Cooley appeals arguing the district court's decision required that he work overtime to satisfy the award and that it was unfair to him in several respects. Aaron asserts the district court erred by averaging his income to calculate his child-support obligation; awarding support greater than the guideline amount; failing to properly determine the health-insurance obligations for the minor child; requiring him to pay health expenses for his adult child; and requiring him to pay Kay Cooley's health insurance and medical expenses on top of the spousal-support award. Kay requests appellate attorney fees, and Aaron argues each should pay their own fees.

**I. Facts and Prior Proceedings**.

Kay and Aaron were married in 2000. They have two children. The youngest, M.C., is still a minor, while the older son is an adult attending college. Aaron works as a service manager at ThermoKing in Cedar Falls and has since 2019. Kay works as an educational aide for the Aplington-Parkersburg Community School District. Kay's undisputed gross annual income is $15,120. Aaron's current annual pre-tax income is $62,400, excluding any overtime.

Kay filed for divorce in June 2020. She filed a separate application seeking temporary physical care, child support, spousal support, and attorney fees. Because of the COVID-19 pandemic, there was no in-person testimony, only exhibits and affidavits. Both parties supplied pay stubs. Aaron's paystub showed that he pays $678.67 per month in health, vision, and dental insurance for the family.

The court issued a temporary support order providing Aaron and Kay would share joint legal custody of M.C. but granting Kay physical care during the divorce proceedings. The court determined Aaron "is capable of providing appropriate care and supervision for M.C., and he should have regular visitation to maintain the bond between the two." The court then took Aaron's and Kay's average incomes over the past three years to determine the income of each parent for purposes of calculating child support.[1] Aaron's annual income was calculated to be $70,160. This three-year average included the income that Aaron earned with his previous employer. Aaron's income was not adjusted to reflect a health insurance deduction as allowed by Iowa Court Rule 9.14(5).

Aaron was made responsible for maintaining health and dental insurance for Kay, M.C., and their adult child, as well as paying 100% of any uncovered medical or dental expenses for all three. He was also instructed to pay both temporary child and spousal support and attorney fees. The child-support guidelines determined that Aaron should pay $756 per month to Kay for care of M.C. In the beginning of the order, the district court stated it would follow the guidelines and honor this amount. However, the order ultimately required Aaron to pay $831 per month without explanation concerning the increase over the guideline amount.

Aaron filed a motion for amended and expanded findings and conclusions of law questioning the use of his average income, the lack of health-insurance deduction, and the requirement that he pay all of Kay's and M.C.'s uncovered

---

[1] Neither party requested that their child-support obligation be calculated this way.

medical expenses.[2] Kay resisted. She argued that Aaron was on track, using his annualized income and including overtime pay, to earn more than the averaged amount. She also argued that Aaron was not entitled to the health-insurance deduction because he did not provide adequate information to determine what that deduction would be. Kay also believed the uncovered medical expenses were appropriately assigned to Aaron because he has a Health Savings Account ("HSA") for such expenses. The court denied the motion, citing only the reasons provided in Kay's resistance. Aaron appeals.

## II. Standard of Review.

A temporary support order is final and reviewable. *In re Marriage of Denly*, 590 N.W.2d 48, 50 (Iowa 1999). A dissolution of marriage action is an equitable proceeding, and we review de novo. *In re Marriage of Olson*, No. 18-1860, 2019 WL 4302128, at *1 (Iowa Ct. App. Sept. 11, 2019); Iowa R. App. P. 6.907. "We examine the entire record and determine anew the issues properly presented." *In re Marriage of Edwards*, No. 19-1786, 2020 WL 3564698, at *2 (Iowa Ct. App. July 1, 2020). "We give weight to the findings of the district court, particularly concerning the credibility of witnesses; however, those findings are not binding upon us." *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013).

## III. Discussion.

Aaron presents six issues on appeal: the district court's use of his averaged income to calculate his child-support obligation, the deviation from the child support guidelines, the lack of health-insurance deduction, his responsibility for all

---

[2] There were other issues raised in this motion, but they are not relevant to this appeal.

uncovered medical expenses for his minor child, his responsibility for medical insurance and uncovered expenses for their adult child, and his responsibility for medical insurance and uncovered expenses for Kay over and above the spousal-support obligation. We take each in turn.

**A. Aaron's income.**

Aaron argues that the district court was wrong to average his income from the past three years to determine his current income for child-support purposes. We agree. Having said that, from the paystubs presented by Aaron, there is support for the district court's determination that Aaron would earn around $70,160 annually. To determine child and spousal support, courts calculate both party's net monthly income by taking their gross monthly income and factoring in specifically enumerated deductions. *In re Marriage of Powell*, 474 N.W.2d 531, 532 (Iowa 1991). Courts average income when the earnings of one of the parties fluctuates substantially. *See In re Marriage of Knickerbocker*, 601 N.W.2d 48, 51 (Iowa 1999) (averaging income for a farmer); *Powell*, 474 N.W.2d at 534 (averaging income for someone who was temporarily unemployed). Averaging is also necessary where variations in income "come from the same long-term employment." *In re Marriage of Anglin*, No. 06-0028, 2006 WL 2419125, at *2 (Iowa Ct. App. Aug. 23, 2006) (citing *In re Marriage of Kupferschmidt*, 705 N.W.2d 327, 333 (Iowa 2005)). However, "in most cases the income of a wage-earner with steady employment need not be averaged." *Kupferschmidt*, 705 N.W.2d at 333. "When the fluctuation is due to a change in employment, averaging is not appropriate." *In re Marriage of Hagerla*, 698 N.W.2d 329, 332 (Iowa Ct. App. 2005).

Aaron's income fluctuated over the past few years because he changed occupations. At the time of trial, he earned a stable hourly wage. His income should not have been averaged, but instead his current wages should be the basis for the child-support award.

What did fluctuate month to month was the amount of overtime Aaron earned. Overtime wages should be included in calculating net monthly income. *In re Marriage of Brown*, 487 N.W.2d 331, 333 (Iowa 1992). However, if the overtime is used in calculating income, the court can deviate from the guidelines to prevent injustice between the parties. *Kupferscmidt*, 705 N.W.2d at 333 (citing *Brown*, 487 N.W.2d at 333). This deviation may be appropriate where the overtime hours "appear[] to be an anomaly or [are] uncertain or speculative." *Id.*; *see also Brown*, 487 N.W.2d at 333 ("[A] parent's child support obligation should not be so burdensome that the parent is required to work overtime to satisfy it. However, the district court must make a specific finding to that effect." (citations omitted)).

Aaron provided three paystubs, and each included overtime hours ranging from 4.8 to 17.1 hours a pay period.[3] Overtime pay was properly included in the calculation of his income. And Aaron offered no evidence that the overtime was an anomaly or was uncertain or speculative. Thus, we agree with the district court when it noted Aaron "was on pace to earn at least [$70,160] from his job in 2020."

**B. The district court's deviation from the child-support guidelines.**

Still, even with our determination of the correct wage income to include in the calculation, we agree with Aaron the child support amount requires a "redo."

---

[3] As of the mid-August 2020 paystub, Aaron's year-to-date overtime was $6800.

Advocating for no deviation from the guidelines, Aaron highlights competing language in the district court's child-support order. First, he points to the court's language that, with the child-support guidelines applied and under the court's worksheet, his child-support obligation equaled $755.60. Yet, the award did not match the guideline amount of child support as calculated because the district court instead required a monthly child support payment of $831. This appears to be a scrivener's error. In the body of the temporary order the court announced, "The guidelines call for and the Court will direct Aaron to pay Kay monthly child support in the amount of $756."

There is a rebuttable presumption that the child-support guidelines determine the appropriate amount of child support to be awarded. Iowa Ct. R. 9.4. The court may not deviate from that amount "without a written finding that the guidelines would be unjust or inappropriate under specific criteria." *Powell*, 474 N.W.2d at 533. If the district court intended to deviate from the child support guidelines here, there is no finding in the record justifying the deviation. "We remand to correct the error." *See In re Marriage of Hansen*, 733 N.W.2d 683, 703 (Iowa 2007) ("The second property issue is whether the trial court properly distributed marital assets and debts. The court of appeals found that the district court made a scrivener's error in its distribution table when it erroneously entered the figure $9,237 for Lyle's total liabilities and $7,952 for Lyle's net assets under the distribution plan. In fact, the numbers were transposed: the figure of $9,237 should have been entered as Lyle's net assets and $7,952 as Lyle's total liabilities. We agree with the court of appeals that this error should be corrected.").

Consideration of any inequity in the child support award shall be taken into consideration in the final decree.

### C. Aaron's health-insurance deduction.

Aaron argues that he should have been given a health-insurance deduction in the calculation of his child-support obligation. No deduction was applied in the district court's child-support worksheet used to determine the temporary support. But, the district court noted "[i]t is not clear from the record how much Aaron has to pay out of his own pocket to cover Kay and the children." When calculating income for child support, a deduction is allowed for premiums paid for a minor child's health insurance. Iowa Ct. R. 9.14(5); *see also In re Marriage of Nelson*, 570 N.W.2d 103, 106 (Iowa 1997). The rule states:

> For a health benefit plan covering multiple individuals, including the child(ren) in the pending action, the allowable child(ren)'s portion is the amount of the premium cost for such coverage to the parent or stepparent that is in excess of the premium cost for single coverage, divided by the number of individuals enrolled in the health benefit plan, excluding the person providing the insurance, and then multiplied by the number of children who are the subject of the pending action.

Iowa Ct. R. 9.14(5)(b)(1). Only the minor child's portion is deducted. *Olson*, 2019 WL 4302128, at *2 (showing the method of calculation for the health care cost deduction). At the temporary ruling stage, no one calculated the cost of health insurance attributable to the minor child, although Aaron allocated $518.68 as the health insurance deduction on his child support worksheet exhibit. His pay stub reflected a bi-weekly deduction of $252.43 for health insurance.

On appeal, Aaron asks us to grant him a health insurance deduction of $518. From his pay stub exhibits, he calculates the monthly cost for health, dental

and vision insurance at $678.67. Yet, we still have no evidence of the single coverage costs for the minor child, only the total cost of the family's health insurance.[4]

Without reliable information, we cannot determine that the district court failed to do equity. *See In re Marriage of Koellner*, No. 17-0830, 2018 WL 2084865, at *2 (Iowa Ct. App. May 2, 2018). And without a record of the breakdown of what portion of the costs is attributable to the child's coverage, our hands are tied. We affirm the district court's decision not to provide a health-insurance deduction.

**D. M.C.'s uncovered medical expenses.**

Iowa Court Rule 9.12(5) states:

In [cases other than joint physical care], including split or divided physical care, the custodial parent shall pay the first $250 per year per child of uncovered medical expenses up to a maximum of $800 per year for all children. Uncovered medical expenses in excess of $250 per child or a maximum of $800 per year for all children shall be paid by the parents in proportion to their respective net incomes.

While "shall" imposes a duty, the district court is allowed to deviate where appropriate as long as they give a written reason. *In re Marriage of Friest*, No. 18-0337, 2019 WL 1300881, at *5 (Iowa Ct. App. Mar. 20, 2019) (citing Iowa Code § 4.1(30); Iowa Ct. Rs. 9.12(5), 9.13).

The district court stated that Aaron would pay all of M.C.'s uncovered medical expenses because "he has a health savings account set up at work for this purpose." At the time of the hearing, the HSA balance was $3000. The HSA, while only titled in Aaron's name, has been funded with wages earned during the

---

[4] Aaron asserts that $518 is the cost of insuring M.C., Kay, and their adult child.

marriage and would be factored into the property division ultimately ordered. *See In re Marriage of Severin*, No. 13-1385, 2014 WL 3931823, at *8 (Iowa Ct. App. Aug. 13, 2014) (dividing health savings account as a marital asset); *see also* Iowa Code § 598.21(5) (2020) (stating "[t]he court shall divide all property, except inherited property or gifts received or expected by one party, equitably between the parties"). The property has not yet been divided, and we make no assertions about its division. Still, it is equitable that this marital fund be used first to pay uncovered medical expenses of the minor child. If and when the HSA runs out, following Iowa Court Rule 9.12(5), Kay, as the custodial parent, will be responsible for the first $250 per year. Additional expenses will then be divided between her and Aaron proportionate to their income as found in the child-support guidelines worksheet.[5] *See Hansen*, 733 N.W.2d at 704; Iowa Ct. R. 9.12(5).

### E. Insurance and uncovered medical expenses for the adult son.

Aaron appeals the temporary order's requirement that he provide health insurance and pay uncovered medical expenses for the couple's adult son. Iowa Code section 252E.6(1) says, "A child is eligible for medical support for the duration of the obligor's child support obligation." The Code restricts the obligation in its definition of "support payments," stating:

> The obligations shall include support for a child who is between the ages of eighteen and nineteen years who is engaged full-time in completing high school graduation or equivalency requirements in a manner which is reasonably expected to result in completion of the requirements prior to the person reaching nineteen years of age; and may include support for a child of any age who is dependent on the parties to the dissolution proceedings because of physical or mental disability.

---

[5] The worksheet found the proportional shares of income to be Kay with 29.7772% and Aaron with 70.2228%.

Iowa Code § 598.1(9).

The couple's adult son is in college and was not shown to have any physical or mental disability. Nor was there any child-support obligation required for him. The court exceeded its authority by requiring Aaron to pay for the adult son's insurance and uncovered medical expenses. *See In re Marriage of Martin*, No. 16-0971, 2017 WL 510975, at *3 (Iowa Ct. App. Feb. 8, 2017). We modify the temporary order to remove this obligation.

**F. Insurance and uncovered medical expenses for Kay.**

Aaron next challenges the requirement of the temporary order that he pay Kay's health insurance and uncovered medical expenses. Health insurance coverage is part of spousal support. *In re Marriage of Johnson*, 781 N.W.2d 553, 557 (Iowa 2010). It can be ordered in addition to the amount of spousal support required. *See In re Marriage of Wessels*, 542 N.W.2d 486, 491 (Iowa 1995) ("It follows that a trial court has the power to order medical support."); *In re Marriage of Klinghammer*, No. 02-0112, 2003 WL 21070599, at *4 (Iowa Ct. App. May 14, 2003) (affirming an order requiring one spouse pay the health insurance of another). In *Klinghammer*, it was determined that requiring a spouse to pay for the other's health insurance was equitable when it was for a short period and health insurance was not readily available to the supported spouse. *See* 2003 WL 21070599, at *4. Here, it is equitable for Aaron to pay for Kay's health insurance until the divorce is finalized. This temporary order is inherently meant to cover a short time with a later opportunity to determine an equitable long-term solution.

Aaron argues that the spousal support was meant to cover the amount that Kay would have to pay for health insurance, but this was not stated by the trial court. Instead, the court stated that the HSA would be used to pay expenses instead of cash medical support. Still, we recognize that spousal support is calculated based partly on the ability to fund the monthly expenses of the requesting party. *See In re Marriage of Mann*, 943 N.W.2d 15, 21 (Iowa 2020) (noting that a consideration in the decision to award spousal support is the party's maintenance of the pre-dissolution lifestyle). As with M.C., we find it equitable that the account be used to pay any uncovered health expenses until the $3000 is expended; at that point, Kay shall be responsible for payment of her own uncovered health care expenses. Any debts related to Kay's uncovered health care expense shall be considered in the final property division as a part of the joint debts of the parties.

## IV. Kay's Appellate Attorney Fees.

In her reply brief, Kay asks for $3000 in appellate attorney fees. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion." *In re Marriage of Okland*, 699 N.W.2d 260, at 270 (Iowa 2005).

"In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal." *In re Marriage of Applegate*, 567 N.W.2d 671, 675 (Iowa Ct. App. 1997). "We also consider whether the requesting party was obligated to defend the district court's decision." *In re Marriage of Richard*, No. 15-0163, 2015 WL 7075829, at *3 (Iowa Ct. App. Nov. 12, 2015) (citation omitted). After

considering these factors, and mindful that more costs will accrue as this matter continues, we leave the division of appellate attorney fees for the trial court to equitably divide in the dissolution when all attorney fees and other issues can be considered and resolved.

## V. Conclusion.

After reviewing Aaron's six concerns, we take several courses of action. First, we affirm the district court's calculation of Aaron's income, but remand the order to the district court for correction of the scrivener's error to reflect the child-support amount calculated by the district court on its guideline worksheet. Next, we affirm the district court's orders concerning Aaron's health insurance deduction for temporary child-support purposes. As for M.C.'s uncovered medical expenses, the parties shall use the HSA for these costs, up to the $3000 held in the account. Kay—as the custodial parent—will pay the next $250, and then each parent will pay any additional costs proportionate to their respective incomes. We modify the district court's order, removing the requirement that Aaron pay for his and Kay's adult son's medical expenses or health insurance. Likewise, we require Kay's uninsured medical expenses be paid out of the HSA until the account containing $3000 is expended and then Kay shall pay her own uncovered health care expenses. We maintain the requirement that Aaron pay for her health insurance until the dissolution is finalized. Finally, we decline to award appellate attorney fees.

**AFFIRMED AS MODIFIED AND REMANDED.**